UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 16-CV-62152

JOSEPH EAGAN,

    Plaintiff,

vs.

TOTAL CAR SHIPPING & FREIGHT, L.L.C.,
and JASON FOLTZ,

    Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND
DISMISS ACTION WITH PREJUDICE**

Plaintiff, JOSEPH EAGAN ("Plaintiff"), and Defendants, TOTAL CAR SHIPPING & FREIGHT, L.L.C., and JASON FOLTZ, (collectively referred to as "Defendants"), through their undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and Dismiss Action with Prejudice, and state as follows:

1. Plaintiff filed a Complaint [D.E. 1] alleging that he was owed wages in the form of unpaid overtime.

2. Defendants deny these allegations, deny Plaintiff's entitlement to any wages and further deny any and all claims asserted by the Plaintiff. Nevertheless, recognizing the cost of protracted litigation and the uncertainty regarding the ultimate outcome of the case, the parties engaged in informal negotiations and ultimately signed the Confidential Settlement Agreement (attached hereto as Exhibit "A") which they consider to be fair and equitable, while at the same time reducing imposition on the Court's limited judicial resources.

3. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), wage claims arising under the FLSA may be settled or compromised only with the

approval of the Court or the United States Secretary of Labor. Accordingly, the parties respectfully request that the Court approve the settlement as a fair and reasonable resolution of a disputed claim. The Confidential Settlement Agreement is fair and reasonable because of the expense and likely duration of the litigation, the risks of trial and potential liability. Further, resolution will allow the parties to avoid additional attorneys' fees and costs in the instant case.

4. The Confidential Settlement Agreement entered into by the parties is contingent upon approval by the Court pursuant to *Lynn's Food Stores, Inc.*, 679 F.2d 1350. Thus, the parties respectfully request that the Court approve the settlement, issue an Order dismissing this action with prejudice and reserving jurisdiction to enforce the terms of the Confidential Settlement Agreement.

WHEREFORE, the parties respectfully request that the Court enter an Order in the form attached hereto as Exhibit "B": (1) approving the terms of the Confidential Settlement Agreement; (2) dismissing this action with prejudice; (3) reserving jurisdiction to enforce the terms of the Confidential Settlement Agreement and (4) for such other relief as this Court deems just and proper.

Dated:  December 28, 2016.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| **GOLDBERG & LOREN, P.A.** | **GREENSPOON MARDER, P.A.** |
| James M. Loren, Esq. | One Boca Place |
| 100 South Pine Island Road, Suite 132 | 2255 Glades Road, Suite 400-E |
| Plantation, FL 33324 | Boca Raton, FL 33431 |
| Tel. (954) 585-4878 | Tel. (954) 491-1120 |
| Fax (954) 585-4886 | Fax (954) 213-0136 |
| Email: jloren@goldbergloren.com | Email. adam.kemper@gmlaw.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |
| /s/  James M. Loren | /s/  Adam D. Kemper |
|      James M. Loren Esq. |      Adam D. Kemper, Esq. |
|      Fla. Bar No. 55409 |      Fla. Bar No. 89099 |

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on December 28, 2016, we electronically filed the foregoing with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

>James M. Loren, Esq.
>Goldberg & Loren, P.A.
>100 South Pine Island Road, Suite 132
>Plantation, FL 33324
>Tel. (954) 585-4878
>Fax (954) 585-4886
>Email: jloren@goldbergloren.com
>
>BY: _____
>      **JAMES M. LOREN**
>      Florida Bar. No. 55409

**SERVICE LIST**
**Greenspoon Marder, P.A.**
One Boca Place
2255 Glades Road, Suite 400-E
Boca Raton, FL 33431
Phone: 954-491-1120
Fax (954) 213-0136
Adam Kemper, Esq.
Email: Adam.Kemper@gmlaw.com

EXHIBIT "A"

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (hereinafter referred to as "Agreement") is made by and between JOSEPH EAGAN ("Eagan") or ("Plaintiff"), JASON FOLTZ, including his heirs, executors, administrators, agents, legal representatives, assigns, beneficiaries and successors in interest ("Foltz") and TOTAL CAR SHIPPING & FREIGHT, L.L.C., including each and every subsidiary, affiliate, officer, director, owner, shareholder, partner, member, manager, representative, insurer, agent, attorney, employee, successor and assign thereof, and all related entities with common ownership, including all members, managers, partners and owners of said entities ("Total Car") or (collectively referred to as "Defendants"). Plaintiff and Defendants shall also be referred to herein, collectively, as the "Parties," and individually, as a "Party." This Agreement shall be effective on the date that its execution is completed by all Parties ("Effective Date").

## RECITALS

WHEREAS, Plaintiff filed a lawsuit in the United States District Court, Southern District of Florida, Case No. 16-CV-62152, alleging that he was owed wages in the form of unpaid overtime ("lawsuit"); and

WHEREAS, Defendants deny these allegations, deny Plaintiff's entitlement to any wages and further deny any and all claims asserted by Plaintiff; and

WHEREAS, the Parties, in order to avoid the expense and disruption which will inevitably result from protracted litigation, desire to settle any and all claims, demands or rights, known or unknown, relating in any way to the employment relationship between Plaintiff and Total Car, which have been or might have been asserted by Plaintiff.

NOW, in consideration of the mutual promises and agreements set out herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged,

the Parties agree as follows:

1. **Consideration:** In full consideration of (a) Plaintiff's execution of this Agreement, and (b) Plaintiff's agreement to be legally bound by its terms, Total Car will pay, or cause to be paid, to Plaintiff and his counsel, the total aggregate sum of SEVEN THOUSAND DOLLARS ($7,000.00) (the "Settlement Funds") shall be apportioned and paid as follows:

(a) __$3,500.00__ payable to "Goldberg & Loren, P.A." representing the full amount of Plaintiff's alleged attorneys' fees and costs incurred in this matter, for which an IRS Form 1099 shall issue to Goldberg & Loren, P.A. from Total Car; and

(b) __$3,500.00__ less applicable income tax withholdings and deductions, payable to "Joseph Eagan." Of said amount, $1,750.00 represents the amount of Plaintiff's alleged unpaid wages and $1,750.00 represents liquidated damages. An IRS Form W-2 will be issued from Total Car; and

A. The referenced payments of the Settlement Funds shall be mailed, certified return receipt, to Goldberg & Loren, P.A. and paid out over seven weeks with the first payment being made within fourteen days of the Effective Date of this Agreement and remaining six payments made one week thereafter.

B. Plaintiff warrants and represents that he will fulfill any responsibilities and payment obligations with the Florida Department of Corrections in connection with the Settlement Funds paid by Defendants and agrees to indemnify and hold Defendants harmless from and against any and all claims, demands, violations or penalties resulting from the Plaintiff's violation of this warranty and representation.

C. Plaintiff agrees that these payments comprise full and complete satisfaction of any and all alleged damages incurred by Plaintiff, and that such payment is being

made solely to resolve all claims between the Parties.

        D.     Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties shall file a Joint Motion for Approval and proposed Order dismissing this case with prejudice and seeking the Court's reservation of jurisdiction to enforce the terms of the Agreement within two (2) business days of the Effective Date hereof. The Settlement Funds shall be held in Trust by Goldberg & Loren, P.A. and not disbursed to Plaintiff or his counsel until the Court approves this Agreement and dismisses the lawsuit with prejudice. In the event the Court denies the Joint Motion for Approval and does not dismiss this lawsuit with prejudice, Goldberg & Loren, P.A. shall immediately return the Settlement Funds to Defendants' counsel at Greenspoon Marder, P.A., Attn: Adam D. Kemper, Esq.

        E.     Plaintiff agrees to be responsible for his respective share of any and all applicable federal and/or state income and other taxes as may be owed by him resulting from Settlement Funds paid by Total Car under this Agreement. To the extent Defendants may be or are held liable for the payment of any taxes, interest and/or penalties in connection with the Settlement Funds, Plaintiff agrees to indemnify and hold Defendants harmless from and against any and all such taxes, interest and/or penalties in connection with the Settlement Funds to Plaintiff. Plaintiff acknowledges that (1) Defendants have not made any representation with respect to the taxability of the Settlement Funds paid under this Agreement, and (2) Plaintiff has received or will obtain advice to the extent he deems it necessary from qualified advisors in respect thereto. The Parties agree to cooperate with each other, consistent with applicable law, in connection with any lawful inquires by any taxing authorities.

    2.    **Release of Defendants:** In return for the various promises and the payment made by, or on behalf of, Defendants, Plaintiff hereby forever releases, remises, discharges and acquits

Defendants, including Total Car's past, present and future subsidiaries, affiliates and related entities, and all of their officers, directors, owners, shareholders, partners, members, managers, representatives, insurers, agents, attorneys, employees, successors and assigns thereof (collectively, "Released Parties") from any and all actions, claims or demands whatsoever, in law or in equity, which Plaintiff ever had or now has, by reason of any matter, cause or thing whatsoever, now existing or arising in the future, based on any act or omission, event, occurrence, or non-occurrence, from the beginning of time to the date of execution of this Agreement including, but not limited to:

  A. any and all claims arising from any contract or agreement between Joseph Eagan and Released Parties for contractual payments or obligations, salary, wages, compensation, specific performance, monetary relief, employment, ownership interests, stock options, indemnities, benefits, including, but not limited to, any claims for benefits under, or contribution to, an employee benefit plan, profit-sharing or any retirement plan, bonuses, merit and longevity increases, commissions, severance payments, and all other benefits of all kind, earnings, back pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, pain and suffering, injunctive and declaratory relief, interest, attorneys' fees and costs.

  B. any and all claims growing out of, resulting from, or connected in any way to Joseph Eagan's employment relationship with Total Car, including any and all claims for breach of contract, detrimental reliance, fraud, discrimination, impairment of contract, impairment of right to contract, harassment of any kind, retaliation of any kind, whistle blowing, rescission, specific performance, promises, torts of all kinds, including but not limited to assault,

battery, defamation, misrepresentation, intentional infliction of emotional distress, interference with an advantageous business relationship, libel, misrepresentation, negligent or otherwise, negligent employment, including negligent hiring, negligent retention and negligent supervision, prima facie tort, slander, claims or rights under any state and federal legislation including, but not limited to, the Age Discrimination in Employment Act of 1967, as amended [29 U.S.C. §§ 621 - 634], the Americans with Disabilities Act, as amended [42 U.S.C. §§ 12101 - 12213], the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended [Pub. L. 99-509], the Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. §§ 1001 - 1461], the Equal Pay Act, as amended [29 U.S.C. - 206(d)], the Fair Labor Standards Act, as amended [29 U.S.C. §§ 201 - 219], the Florida Minimum Wage Act [Fla. Stat. § 448.110], the Family and Medical Leave Act, as amended [29 U.S.C. §§ 2601 - 2654], the National Labor Relations Act, as amended [29 U.S.C. §§ 151 - 169], the Occupational Safety and Health Act, as amended [29 U.S.C. §§ 651 - 678], the Older Workers Benefit Protection Act, as amended, [as codified at 29 U.S.C. § 626(f)], Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §§ 2000e - 2000e-17], 42 U.S.C. - 1981, the Florida Civil Rights Act of 1992, as amended [§§ 760.01 – 760.13, Fla. Stat. (2007)], the Florida Whistle-Blower Act [§§ 448.101 – 448.105, Fla. Stat. (2007)], Fla. Stat. § 440.205, and any other claim of any kind.

   C. Plaintiff further specifically waives any right of action and administrative and judicial relief which he might otherwise have available in the state and federal courts, including all common law claims and claims under federal and state constitutions, statutes and regulations, federal executive orders and county and municipal ordinances and regulations, as well as before the Wage and Hour Division, the Occupational Safety and Health Administration and any other division or department of the U.S. Department of Labor, the Equal Employment

Opportunity Commission, the National Labor Relations Board, the Florida Commission on Human Relations or any other federal, state or local administrative agency. Plaintiff promises never to file, participate in or prosecute a lawsuit, complaint, charge or other proceeding asserting any claims that are released by this Agreement. Plaintiff further agrees not to voluntarily participate in any claim brought by any other party against Defendants and/or any of the Released Parties.

        D.    This entire Agreement shall be null and void and all offers contained herein shall be automatically withdrawn unless Plaintiff executes and returns this Agreement to Defendants' counsel no later than seven (7) days after the document is emailed to Plaintiff's counsel.

        E.    For the purpose of implementing a full and complete Release, Plaintiff expressly acknowledges that the foregoing Release is intended to include in its effect, without limitation, claims that he did not know or suspect to exist in his favor at the time of the Effective Date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of these claims and contemplates the extinguishment of any unknown claims.

    3.    **Non-Admission Clause**: Plaintiff agrees and acknowledges that this Agreement is not, and shall not be construed to be, an admission by the Released Parties of any liability or any act of wrongdoing whatsoever including, without limitation, any violation of (1) any federal, state or local law, statute, regulation or ordinance, or (2) any duty owed by Released Parties to anyone.

    4.    **Confidentiality:**

A. The Parties shall not disclose, publish, publicize or disseminate, or cause to be disclosed, published, publicized or disseminated in any way, the terms or contents of this Agreement, unless (i) all Parties consent in writing or first make public disclosure of the terms or contents of this Agreement, (ii) otherwise required by law, regulation, subpoena or court order, (iii) necessary for accounting/tax purposes, or (iv) to their spouse or professional advisors (and as to such persons, each of them shall agree to hold in confidence the terms and conditions of this Agreement and shall not disclose same). If Joseph Eagan receives a subpoena or court order requiring disclosure of some or all of the terms and conditions of this Agreement, such individual shall immediately provide copies of same to Defendants' counsel.

B. Upon inquiry by any third party as to the status of the above-referenced litigation, other than those persons specifically identified above, the Parties' response shall be strictly limited to a representation that "the matter has been resolved," which statement shall not be a violation of this confidentiality clause.

C. The Parties acknowledge that their failure to comply with this provision would constitute a material breach of the Agreement and would cause irreparable injury, which would not be adequately compensated by monetary relief. The Parties, therefore, agree that any breach of this Section 4 shall entitle the non-breaching Party to seek immediate injunctive relief in a court of competent jurisdiction. Accordingly, the Parties hereby stipulate that a proven breach of this Section 4 in a court of competent jurisdiction shall entitle the non-breaching Party to entry of a judgment for a permanent injunction against the offending Party granting the non-disclosure protection contracted herein and any other relief as deemed appropriate.

D. The Parties further agree that this confidentiality provision is a material inducement for the execution of this Agreement. Any disclosure or dissemination other than as

described above will be deemed a breach of this Agreement and a cause of action shall immediately accrue for damages, including reasonable attorneys' fees incurred by the non-breaching Party in recovering such monies and in enforcing this Agreement, with the non-breaching Party maintaining all rights, remedies and/or causes of action otherwise available at law or in equity, including the right of Defendants to reclaim in full all Settlement Funds paid to Plaintiff under this Agreement.

E. The Parties acknowledge that with the exception of the persons or situations hereinabove described, they have not previously disclosed any of the terms of this Agreement.

F. Notwithstanding the above provision, this Agreement shall be attached as an Exhibit to the Joint Motion for Approval and shall be filed with the Court for approval in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).

5. **No Disparaging Remarks:** Joseph Eagan agrees not to say, write or cause to be said or written, directly or indirectly, any statement that may be considered defamatory, negative, critical, malicious, belittling, unfavorable, pejorative, deprecatory, derogatory or disparaging with respect to the Released Parties. Further, Foltz and Total Car agree that if they are contacted by any current or prospective employer regarding Joseph Eagan, they shall provide no information regarding Plaintiff other than his dates of employment with Total Car and last position held.

6. **Covenant of Non-Assistance and Non-Solicitation:** Plaintiff agrees, warrants and represents that as of the Effective Date of this Agreement, neither he, nor anyone acting on his behalf (including his counsel), has ever contacted, communicated with, or solicited present or former employees of Total Car, or any related entities and affiliates, for the purpose of

encouraging and/or assisting with the filing of any claims, lawsuits, charges, complaints, petitions or other accusatory pleadings against Foltz or Total Car with any governmental agency or any court. Plaintiff further agrees, warrants and represents that neither he, nor anyone acting on his behalf (including his counsel), shall ever contact, communicate with or solicit present or former employees of Total Car, or any of its related entities and affiliates, for the purpose of encouraging and/or assisting with the filing of any claims, lawsuits, charges, complaints, petitions or other accusatory pleadings against Foltz or Total Car with any governmental agency or any court.

7. **Re-employment:** Plaintiff agrees and recognizes that his employment relationship with Total Car has been permanently and irrevocably terminated. As such, Plaintiff expressly waives any right or claim to re-employment, reinstatement or any prospective future employment with Total Car or any related entity owned and/or operated by Foltz. Plaintiff further agrees that under no circumstances shall he hereafter apply for, or otherwise seek, employment with Total Car.

8. **Affirmation of Payment:** Plaintiff affirms that he has been paid and/or has received all leave (paid or unpaid), compensation, wages (including overtime), bonuses, commissions, and/or benefits to which he may be entitled as of the Effective Date hereof, and that no leave (paid or unpaid), compensation, wages (including overtime), bonuses, commissions and/or benefits are due to him.

9. **Other Actions:** Plaintiff represents that he has not filed, joined in or been a beneficiary of any complaints, charges or proceedings against Foltz or Total Car, with any local, state, federal agency or court.

10. **Assignment:** Plaintiff represents and warrants that he has not heretofore

assigned or transferred, or purported to assign or transfer, to any person or entity, any claim against Foltz or Total Car. Plaintiff further represents and warrants that no other person or entity other than the Parties hereto, had or have any interest in the matters referred to in this Agreement. Plaintiff shall not assign any of his rights or duties under this Agreement without the express written consent of Defendants.

11. **Binding Nature of Agreement**: This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors and assigns.

12. **Entire Agreement**: This Agreement constitutes the complete understanding of the Parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by the Parties shall be binding unless reduced to writing and signed by the Parties.

13. **Prevailing Party**: In the event that it shall be necessary for any Party to this Agreement to institute legal action to enforce any of the terms and conditions or provisions contained herein, or for any breach thereof, the prevailing party shall be entitled to costs and reasonable attorneys' fees as determined by a court of competent jurisdiction.

14. **Governing Law**: The terms of this Agreement will be construed in accordance with the laws of the State of Florida. In the event any Party initiates an action to enforce the terms of this Agreement, such action shall be commenced in the appropriate state court located in Broward County, Florida. All Parties hereby submit to the jurisdiction of that Court. In the event enforcement of this Agreement or any of its terms or conditions is necessary, the prevailing

party shall be entitled to attorneys' fees and costs.

15. **Severability**: If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and, to this end, the provisions of this Agreement are declared severable.

16. **Parties Represented by Counsel/Acknowledgment of Legal Competence**: This Agreement is not to be construed against any Party. All Parties were represented by counsel and participated in the drafting of this Agreement. Plaintiff hereby attests that he is legally competent to enter into this Agreement and that he fully understands and appreciates the terms, obligations and ramifications of same.

17. **Execution**: This Agreement can be executed in counterparts. An executed version of this Agreement, if transmitted by facsimile or email, shall be effective and binding as if it were the originally executed document.

DATE: 12.28.16        Signature: _____
                                 JOSEPH EAGAN

DATE: 12-27-16        Signature: _____
                                 TOTAL CAR SHIPPING & FREIGHT L.L.C.
                                 By: JASON FOLTZ
                                 Its: _____

DATE: 12-27-16        Signature: _____
                                 JASON FOLTZ

Page 11 of 11

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 16-CV-62152

JOSEPH EAGAN,

    Plaintiff,

vs.

TOTAL CAR SHIPPING & FREIGHT, L.L.C.,
and JASON FOLTZ,

    Defendants.
_____/

## ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS ACTION WITH PREJUDICE

THIS MATTER came before the Court upon the parties' Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice. The Court having reviewed the Joint Motion, the file, and otherwise being fully advised in the premises, hereby

ORDERED AND ADJUDGES as follows:

1. The Court finds that the Confidential Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over the wage claims raised in this case.

2. The Court approves the settlement of this case pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

3. This case is dismissed with prejudice with each party to bear its own attorney's fees and costs, except as otherwise agreed between the parties in the Confidential Settlement Agreement.

DONE AND ORDERED at the United States District Court, Southern District of Florida this _____ day of _____, 2016.

_____<br>UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record